**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-cv-10265-JEM**

VERNIS & BOWLING OF THE FLORIDA
KEYS, P.A. and VERNIS & BOWLING OF
MIAMI, P.A.,

    Plaintiffs,

V.

ARCH SPECIALTY INSURANCE
COMPANY and MT. HAWLEY INSURANCE
COMPANY/RLI,

    Defendants.
_____/

**MOTION TO STAY DISCOVERY AND QUASH THIRD PARTY SUBPOENAS**
**PENDING RESOLUTION OF MOTION TO REMAND**
**AND IN THE ALTERNATIVE MOTION FOR AN ORDER THAT ENGAGING IN**
**DISCOVERY WILL NOT WAIVE THE RIGHT TO REMAND**

Plaintiffs VERNIS & BOWLING OF THE FLORIDA KEYS, P.A. and VERNIS & BOWLING OF MIAMI, P.A. ("Vernis & Bowling"), by and through their undersigned counsel, hereby move to stay discovery and quash third-party subpoenas, pending the resolution of the Motion to Remand [ECF No. 12]. In the alternative, Vernis & Bowling seeks an order from this Court that engaging in discovery will not waive its right to remand this action. In support thereof Vernis & Bowling states as follows:

**I.**      **BRIEF PROCEDURAL HISTORY**

Vernis & Bowling's complaint [ECF No. 1-2, at 63] was filed on September 27, 2018 in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, Case No. 18-CA-000726-P. Along with the complaint, Vernis & Bowling served:

*Vernis & Bowling v. Insurers*
Case No. 18-cv-10265-JEM

    1.    Request for Admissions [ECF No. 1-2, at 20] [ECF No. 1-8];
    2.    Interrogatories [ECF No. 1-2, at 37] [ECF No. 1-7];
    3.    Request for Production [ECF No. 1-2, at 52] [ECF No. 1-6]; and
    4.    three notices of depositions (two for the corporate representative of the Insurers and one for Mr. Brian C. Lindsey, P.E. of Envista Forensics) [ECF No. 1-2, at 59, 61] [ECF No. 1-10].

(collectively, "Vernis & Bowling's discovery").

On November 16, 2018, Insurers filed a Notice of Removal in this Court, [ECF No. 1] and on February 6, 2019, Insurers sought discovery from Vernis & Bowling, by serving interrogatories and requests for production, and sought discovery from six third parties (1. Vogt-Spear Corporation; 2. National Risk Management & Associates, Inc.; 3. KD Construction & Consulting; 4. Felmar Holdings d/b/a JC White Architectural Interior Products; 5. White Star Roof Rescue, Inc.; 6. Expert Design & Inspection Roof Consultants, Inc.). Additionally, on February 15, Insurers served their Request for Entry Upon Land for Inspection.

However, pending with this Court is Vernis & Bowling's Motion to Remand, filed on December 4, 2018 [ECF No. 12]. Briefing is complete and the parties await this Court's ruling.

## II.    MEMORANDUM OF LAW

District courts enjoy broad discretion in deciding how best to manage the cases before them and to set and enforce scheduling deadlines, *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), and the Eleventh Circuit has articulated strong policy reasons for stays:

> Although mechanisms for effective discovery are essential to the fairness of our system of litigation, they also carry significant costs . . . . Allowing a case to proceed through the pretrial process with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of the disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.* at 1367–68 (internal citations omitted). Staying discovery pending a motion for remand is appropriate. For example, in *Accusystems*, the court stayed discovery pending a ruling on an outstanding motion to remand based on waiver. *Accusystems, Ltd. Liab. Co. v. BCB Bancorp, Inc.*, Case No. 15-cv-00562-RM-KMT, 2015 U.S. Dist. LEXIS 73833, 2015 WL 3609130 (D. Colo. June 8, 2015). The court found that "any inconvenience that might result is outweighed by the potential waste of judicial resources that would result from allowing discovery only to have the case subsequently remanded for the reasons set forth" in the remand motion. *Accusystems*, 2015 U.S. Dist. LEXIS 73833, at *4. As an alternative to staying discovery, issuing an order that the participation in discovery is not a waiver of the right to remand is appropriate. For example, in *Simmons*, the plaintiff requested a ruling from the court that it could engage in discovery prior to the Rule 26(f) conference without waiving its right to remand. *Simmons v. RPC, Inc.*, No. 4:14-cv-082, 2014 U.S. Dist. LEXIS 112300 (D.N.D. Aug. 12, 2014). The court granted the motion. *Id.* at *4 (ordering that "plaintiff's participation in discovery as permitted by this order shall not be deemed a waiver of plaintiff's right to remand this action.").

Vernis & Bowling requests that this Honorable Court to stay discovery and quash the outstanding third party subpoenas, pending the resolution of its Motion to Remand. Should the Court deny the remand, Vernis & Bowling seeks 30 days from the date of the Order to respond to the Insurers' discovery.

Good cause exists here to stay discovery and quash the outstanding third party subpoenas. First, when Vernis & Bowling served its complaint and Vernis & Bowling's discovery, the parties were subject to the Florida Rules of Civil Procedure. However, the removal of this action means that the Federal Rules of Civil Procedure applies to this action, including to discovery. *See* Rule 81(c)(1), Fed. R. Civ. P. (Rule(s) provides that the federal procedural rules "apply to a civil action

after it is removed from a state court."). However, if this Court remands this action to state court, the parties will be subject to the state rules. Although the Florida Rules are modeled off of the Federal Rules, *see Jones v. Seaboard C. L. R. Co.*, 297 So. 2d 861, 863 (Fla. 2d DCA 1974) ("it's well known that our Rules of Civil Procedure are patterned very closely after the Federal rules, and it has been the practice of the Florida courts closely to examine and analyze the Federal decisions and commentaries under the Federal rules in interpreting ours."), important differences exist. For example, under the Federal Rules, Vernis & Bowling could serve 100 Requests for Admissions, but under the Florida Rules, Vernis & Bowling is limited to 30. *Compare* Fla. R. Civ. P. 1.370 (limiting to 30 but providing a good cause exception upon approval by the court) *with* Fed. R. Civ. P. 36 (no limitation).

Second, Vernis & Bowling is concerned that by engaging in discovery, Insurers may argue that Vernis & Bowling waived its right to seek removal. *Compare Alarcon v. Shim Inc.*, No. C 07-02894 SI, 2007 U.S. Dist. LEXIS 72259, at *6, 2007 WL 2701930, at *2 (N.D. Cal. Sept. 13, 2007) ("[t]he exact quantity or quality of conduct on [a] [p]laintiff's part which would evidence waiver of the [removal petition's] defect or consent to removal is less than clear.") (citation and internal quotation marks omitted) *with King v. Marriott Int'l Inc.*, 337 F.3d 421, 425–26 (4th Cir. 2003) (suggesting that a timely-filed motion to remand "renders the waiver doctrine inapplicable.").

Third, should this Court grant the Motion to Remand, it will end judicial labor in this matter.

The very concerns over waste of resources and damage to the integrity of the judicial system in *Chudasama* exist in the present matter. Given the valid legal arguments against removal by Insurers, staying discovery and quashing the outstanding third party subpoenas, pending the

*Vernis & Bowling v. Insurers*
Case No. 18-cv-10265-JEM

Court's ruling on the motion will safeguard against the parties needlessly incurring time and expenses in preparing responses to the requests for documents, interrogatories, depositions, and other materials, will prevent needless confusion on which rules apply to discovery, and will preempt any argument that Vernis & Bowling waived its right to remand this action.

Alternatively, if this Court declines to stay discovery and quash the outstanding third party subpoenas, Vernis & Bowling seeks an order from this Court, holding that engaging in discovery does not waive the right of Vernis & Bowling to seek a remand of this action.

Finally, Vernis & Bowling notes that if this Court rules on its pending Motion to Remand prior to ruling on this motion, this motion becomes moot.

*          *          *

WHEREFORE, Plaintiffs VERNIS & BOWLING OF THE FLORIDA KEYS, P.A. and VERNIS & BOWLING OF MIAMI, P.A., for good cause shown, respectfully requests this Honorable Court stay all discovery pending the resolution of the Motion to Remand, quash the third party subpoenas, and grant such other relief as deemed just and proper. In the alternative, Plaintiffs request this Court to issue an order holding that Plaintiffs' participation in discovery shall not waive its right to remand this action to state court and granting such other relief as deemed just and proper.

Respectfully Submitted,

**VERNIS & BOWLING OF MIAMI, P.A.**
1680 N.E. 135th Street
North Miami, Florida 33181
Phone: (305) 895-3035
Fax: (305) 892-1260

*/s/*
Andrew W. Bray, Esq.
Florida Bar No. 752401
Email: abray@florida-law.com

5

9999-182159/1680775

*Vernis & Bowling v. Insurers*
Case No. 18-cv-10265-JEM

Eric J. Knuth, Esq.
Florida Bar No. 87258
Email: eknuth@florida-law.com
Daniel E. Davis, Esq.
Florida Bar No. 0104970
Email: ddavis@florida-law.com

### Local Rule 7.1 Certificate of Good Faith Conference

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with Defendants' counsel in a good faith effort to resolve the issues raised in the motion and has been unable to resolve the issues.

By: */s/*
Andrew W. Bray, Esq.
Florida Bar No. 752401
Email: abray@florida-law.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by the CM/ECF system on March 05, 2019 on all counsel or parties of record on the Service List below.

By: */s/*
Andrew W. Bray, Esq.
Florida Bar No. 752401
Email: abray@florida-law.com

### SERVICE LIST

Janice C. Buchman, Esq.
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
jbuchman@butler.legal
ehorton@butler.legal
bbroderick@butler.legal
*Attorneys for Defendants, Arch Specialty Insurance Company and Mt. Hawley Insurance Company/RLI*

6

9999-182159/1680775